## Cunningham *against* Gardner.

If an inquest, summoned by the authority of two justices, under a proceeding by a landlord to dispossess his tenant, cannot agree, they may be discharged, and another venire issued to summon a new jury.

No other proof is necessary to found a proceeding by a landlord to dispossess his tenant than the affidavit of the landlord himself.

In a proceeding under the landlord and tenant law, there is no right of appeal given to the tenant by reason of anything which he may allege to exist in the contract of lease; it is only given to a third person or the tenant claiming by descent or purchase from the lessor since the date of the lease. The tenant cannot appeal by reason of any allegation of title existing in a third person, although created since the date of the lease.

ERROR to the Common Pleas of *Allegheny* county.

This was a proceeding before two justices of the peace under the landlord and tenant law by James Cunningham, guardian of the children of John Kirkpatrick, deceased, against Francis Gardner, to obtain possession of a tract of land alleged to have been leased by Kirkpatrick in his lifetime to Gardner.

James Cunningham made the information before the justices by his own affidavit, that John Kirkpatrick, in his lifetime, about the year 1833, leased the premises to Francis Gardner for the term of three years, at the annual rent of $12; that he had notified him to quit according to law, and that he refused. Whereupon the justices issued a venire to the sheriff, who summoned a jury, before whom the parties appeared and made their proof. The tenant by his counsel objected to the jurisdiction of the justices and jury, on the ground that due proof had not been made before the justices upon which they were justified in issuing the venire. But the jury proceeded and heard the parties; one of them refused to sign the inquisition, and they were discharged. Whereupon the justices, upon the same complaint, issued a new venire, and another jury was summoned, who proceeded to hear the parties. During the progress of the first trial the defendant filed a deposition which contained the following allegation: "And further, said Gardner says, that the title to the said lands in question is disputed and claimed by Archibald Neel by a right or title accruing since the commencement of the said lease so as aforesaid made to him." Upon the second trial the defendant made the following affidavit, &c.

"Francis Gardner, the said tenant, being duly sworn, does depose and say, that he has a right to the lands and tenement in question, and to the uninterrupted possession during the natural

[Cunningham v. Gardner.]

life of this deponent, (the said Gardner), by the lease of the said John Kirkpatrick, made in January 1833, by the conditions of which said lease, said Gardner, (this deponent), in consideration of having as aforementioned the said premises and the possession of them during his natural life as aforesaid, was to erect buildings thereon, and to clear and improve said premises, and at the expiration of three years from the commencement of said lease was to pay thereafter yearly $12 rent during his natural life, and in pursuance and execution of said contract of lease, the said Kirkpatrick in the spring of 1833 put the said Gardner into the actual possession of the said premises, who then entered thereon under and in pursuance of said lease, and has ever since continued and now is in actual possession thereof under said lease, and that he has well and faithfully performed all the conditions reserved in the said demise, and has put up and erected buildings, viz. a dwelling-house, stable, &c. &c. on said premises, and cleared and improved said premises in pursuance of said lease, and has also faithfully and fully paid all rent due or payable, nor was any other lease or agreement ever made between the said parties in respect to the said premises, but the said lease yet remains in full force and operation; and this deponent hereby offers to become bound in a recognizance with sufficient sureties as required by the 13th section of the Act of 21st March 1772, (under which these proceedings are had), to prosecute his claim at the next Court of Common Pleas to be held for the said county of Allegheny in manner and effect in all respects as required by the said Act of Assembly and by the laws of this Commonwealth; and he requires therefore that the proceedings before the justices and freeholders be suspended in order to have the judgment of the Court of Common Pleas according to law."

" May 7th, 1841. Francis Gardner, the said tenant, and Aaron Whitaker, his surety, tent. in £100 to James Cunningham, Esq. guardian of the minor children of John Kirkpatrick, deceased, to prosecute his, (the said Gardner's), claim at the next Court of Common Pleas, to be holden for the said county of Allegheny."

The justices and jury disregarded this application of the defendant, and proceeded to hear the proof of the plaintiff, and by their inquisition found:

" That a certain John Kirkpatrick, late of Mifflin township, in the county of Allegheny, deceased, was on or about the first day of April 1833 quietly and peaceably possessed of a certain messuage or piece of land, situate in the township of Mifflin in said county, bounded by lands of Charles Kenney, George Kirkpatrick, and others, containing from four to six acres, more or less, with the appurtenances; and being so thereof possessed, the said John Kirkpatrick, deceased, on or about the same day and year, at the township aforesaid, did demise the premises aforesaid by a parol agreement unto a certain Francis Gardner until the end and term

IV. — 16    L

[Cunningham .v. Gardner.]

of three years then next ensuing, at the yearly rent of $12 lawful money of the United States. That the said Francis Gardner, by virtue of the said demise, did enter into the said demised premises with the appurtenances, and was and still is possessed thereof; that the said term is fully ended, and that James Cunningham, Esq., guardian of the minor children of the said John Kirkpatrick, deceased, did on the 31st day of December 1840 last past demand and require the said Francis Gardner to remove from and leave the same; and that the said Francis Gardner hath hitherto refused and still doth refuse to comply therewith; and the said freeholders do assess the sum of six cents for the damages of the said James Cunningham, Esq., guardian, &c. occasioned by the unjust detention of the said demised premises. Therefore, it is considered and adjudged by the said aldermen that the said James Cunningham, guardian as aforesaid, shall recover and have of the said Francis Gardner as well the said sum of 6 cents for his damages as aforesaid as $24.48 for his reasonable costs by him in and about his said suit in that behalf expended."

Whereupon the justices made a record of the finding, rendered a judgment upon it, and issued a writ to put the plaintiff into the possession.

The defendant took out a writ of *certiorari* from the Court of Common Pleas to remove the record and proceedings, to which the following exceptions were filed:

1st. No proof was made before the justices, (before they issued their warrant in the nature of summons to summon the freeholders and tenant), that the lessor or lessors had been quietly and peaceably possessed of the lands and tenements so demanded to be given up, that he or they demised the same under certain rents to the then tenant in possession, and that the term for which the same was devised was fully ended, and without such previous proof the magistrates had no jurisdiction to proceed.

2d. The complaint of the said James Cunningham, he being the complainant and a party in interest, was not such proof as required by the Act of Assembly; neither if such complaint were due proof does it state the said several particular proofs required by the Act of Assembly.

3d. The said justices erred in not issuing a summons to Archibald Neel, named by said Gardner in his affidavit of 24th April 1841, as the person disputing and claiming the lands and tenements by right or title accruing or happening since the commencement of said lease; but the justices refused to issue such summons, and notwithstanding the allegations of the defendant they compelled him to proceed and gave judgment; all of which proceedings on the part of the magistrates were erroneous.

4th. The freeholders who were sworn or affirmed under the first venire or summons not being able to agree were discharged, and separated without coming to any decision, and then all further

[Cunningham v. Gardner.]

jurisdiction of the said justices ceased and determined, and they erred and acted without any jurisdiction in issuing their summons for another set of freeholders; and all their proceedings from that time were null and void.

5th. Even if it had been competent for the justices to have proceeded with a new set of freeholders after discharging the first set without the consent of the tenant, it was not competent for them to proceed without a new complaint and due proof before issuing the venire as in a new case entirely; and they erred in overruling the objection of the counsel on the 7th May 1841.

6th. The lease as sworn to by the tenant, both on the 24th April and 7th May 1841, was not such as was intended by the said Act of 21st March 1772, as a case in which the said justices and freeholders should have jurisdiction, and the said justices erred in not receiving the affidavit of tenant of 7th May 1841, and taking his recognizance with surety to prosecute his claim at the next Court of Common Pleas, &c. &c., as tendered by him, both of which the said justices rejected, although the surety was admitted by all to be sufficient, whereas the said justices should have received the same, and should have forborne to give judgment.

7th. The inquisition of the second set of freeholders is erroneous and void. 1st. There is no date to it, and it does not appear when the same was made. 2d. The inquisition finds that said John Kirkpatrick was on or about the 1st day of April 1833 possessed of the premises, and that he did on or about the same day and year demise the same to the said Francis Gardner until the end and term of three years then next ensuing, at the yearly rent of $12, which is defective for uncertainty; for the beginning of the term must appear with certainty in order that it may be seen whether or not the term was fully ended, and if the term began on the 1st of April 1833, the notice to give up peaceable possession on the 1st of April 1841 was insufficient and null. 3d. The inquisition is defective in not finding under what title the tenant occupied at the expiration of the said three years and up to the time of the notice and inquest. 4th. The said inquisition states only that the said term of three years is fully ended, but it does not find that the term under which the tenant held was fully ended. 5th. The inquisition does not state what right said Cunningham had to the possession of said premises, nor that John Kirkpatrick died, nor who were his heirs, nor of whom said Cunningham was guardian.

8th. The justices erred in issuing their warrant to the sheriff to deliver to said Cunningham, guardian, &c., possession of said premises, and the possession delivered under said warrant was erroneous and contrary to said Act of Assembly.

The court below reversed the proceedings of the justices, and awarded a writ of restitution; upon what ground, did not appear.

[Cunningham v. Gardner.]

*Woods*, for plaintiff in error. The law requires no other proof in any case upon which to found a proceeding which is to result, in an inquiry by a jury, than that information which the party himself can give. It is analogous to the case of an affidavit to hold to bail, an affidavit that a debt exceeds $100, to give jurisdiction to a court. It is *ex parte* proof only which the law requires. As to the allegation that Neel had title, it was not competent for the tenant to make it: this is not like an ejectment, in which a defendant may avail himself of any outstanding title; on the contrary, the principle is that the tenant shall not dispute the title of his landlord; besides, the fact is, Neel refused to give security in a recognizance, and take an appeal. There can be nothing in the objection that the justices summoned a new jury; the party has a right to an absolute finding for or against him, and to have as many juries as shall be necessary, until that object be attained.

*Van Amringe, contra.* The law requires that proof shall be made in order to give jurisdiction to the justices. The party himself cannot make the proof by his own testimony. 1 *Phil. Ev.* 43. This being a summary proceeding, every intendment is to be made in favour of the tenant. 5 *Serg. & Rawle* 179. The tenant was entitled to a stay of proceedings upon the affidavit and recognizance; especially as the claim of Neel was interposed. 3 *Serg. & Rawle* 102. It was competent to show by parol that the tenant was entitled to an estate for life. 3 *Penn. Rep.* 37; 3 *Watts* 137. There being no finding by the first jury, there could be no other summoned. 3 *Rawle* 319.

*Woods*, in reply, insisted that the appearance of the party waived all informality in the proceeding, even the want of due proof, if the law required any other than was made. 2 *Serg. & Rawle* 484.

The opinion of the Court was delivered by

Huston, J.—Some part of my labour is required to lay out of the way matters not material here. The landlord applied for a warrant against the tenant, which was issued, and a precept to the sheriff, and a jury was summoned and appeared, and were sworn, and could not agree and were discharged. These proceedings were brought up; we have nothing to do with them. It was indeed suggested that by this all remedy of the landlord was gone; but this was not urged. Every Act of Assembly must have a reasonable construction, and such as will not render it inoperative and useless. It may and does happen that the whole twelve on a jury cannot draw the same conclusion from testimony. This happens in court; the old doctrine of compelling consent by hunger has disappeared, and the more rational mode of dismissing them and bringing the matter before another jury is the settled and ap-

[Cunningham v. Gardner.]

proved practice. No reason can be given why this should not be the course in such a proceeding as the present. It has often been done; even before a single justice it has happened that no two out of three arbitrators can agree; and this has never been considered a defeat of the plaintiff's claim. Other arbitrators may be appointed. The party was right, however, in issuing a new summons to the tenant, and a new precept to the sheriff.

The two first exceptions filed are not to the purpose. The tenant was summoned and appeared, and made objections to proceeding, which I shall notice; but it was not material on what testimony the precept issued, any more than what affidavit was made to hold to bail is in a trial before a jury in court. The inquest and justices, so far as the latter are concerned, are to decide on evidence given before them, and on nothing but what is proved before them. I do not know that it is necessary to decide the point in this case, but for myself I would say, showing the lease, if there is one, or swearing to a parol demise by the landlord, if the lease was by parol, would be due proof, as the plaintiff's oath of debt will hold a defendant to bail. I would say it might justify two justices in proceeding under the Act applicable to these cases. The justices are not to try the case or decide on the evidence; that is for the jury.

The third exception is not relevant. At and before the last inquest there was no allegation that Mr Neel had any right or claim to the premises, for the very sufficient reason that he was before the justices and inquest on the first hearing, and refused to enter into recognizance to have the cause removed to the Court of Common Pleas.

The fourth exception has been answered already; and the *dictum* in *Maris* v. *Parry*, (3 *Rawle* 419), is misapplied. It was there said after an inquest in a case like this had declared they could not agree and were discharged, the same inquest could not, after weeks or months, be collected and proceed; but it was not said another precept could not collect another twelve men, or that they could not act when duly summoned and sworn.

The fifth exception is answered already. The cases 1 *Binn.* 336, and 2 *Serg.* & *Rawle*, show fully that in this court the inquisition, and the facts found in it, alone are considered; or if the inquisition is not sent, but the justices send a record of their proceedings, containing among other matters the inquisition, the inquiry here is did the inquest find the facts as proved before them so as to justify what they did, and to support the judgment and proceedings of the justices on that finding. It would be out of all analogy to all other legal proceedings to go back after the full trial, according to the law applicable to the case, to the preliminary steps in the cause. If defendant had no notice, if the proceeding was *ex parte,* this might be the case.

IV.　—　L *

[Cunningham v. Gardner.]

The only matter which requires notice, and that is only required to put it at rest, is the attempt of the tenant to withdraw the case from the jurisdiction of the justices and inquest on his own appeal, and entering into recognizance. If this were allowed, there would be found many a tenant who would swear, and could give security too, and the object of the law would be defeated; the tenant would hold until the cause might be reached in the course of the court some years after. The answer is, the law only gives this appeal to a third person claiming by descent or purchase or devise from the lessor, *since the date of the lease*. No other person can interfere; no adverse claimant, except as above, can be heard. I will not say that a tenant who has purchased from his lessor, or to whom the title has descended or been devised, can be turned out under this law; but only in such case can a tenant withdraw the cause.

But there is a case in which a written agreement, partaking of the nature of a lease for years, and also a conditional sale was before the court, and it was held that case was not proper to be decided before two justices and an inquest. Certainly a case may depend on writing and facts which will involve much nice discrimination as to conditions precedent, and subsequent, and forfeiture, &c. &c. But this case presents a simple question of fact. Did Mr Kirkpatrick agree to give a lease for years or for life to the tenant? This is the question as stated by the landlord, and by the tenant, and by the counsel before us. It would not be easy to show that twelve freeholders, summoned for the purpose from the county, would not be as competent to decide this fact as twelve jurors, drawn from the wheel as jurors. The law is made for such uses. It is no more difficult than to decide whether a parol lease was for one year or two years; it is a simple matter of fact, and no legal knowledge required to the decision of it.

Several exceptions are stated to the formal parts of the inquisition. It is said to be taken this    day of May; but the record which recites it supplies this clerical omission. The inquisition finds all the facts necessary to decide the case, and the jury and the person who drew up the written inquisition would have acted  unwisely if it had been attempted to make it in form better than the law or the object of the law required it to be. We do not know on what ground the Common Pleas reversed the inquisition and judgment of the justices, but we see no error in them.

Judgment of the Court of Common Pleas reversed, and the proceedings before the justices affirmed.