## Gavit *versus* Hall.

1. A complaint to dispossess a tenant holding over was signed, "Nelson Gavit, per A. F. Blair agent," and was followed by this certificate "Sworn before us this," &c., and signed by the two aldermen. *Held*, that this showed the affidavit was made by Blair and was sufficient.

2. The sheriff returned to the warrant of the aldermen that he had summoned twelve freeholders without naming them ; the inquisition stated the names of the freeholders summoned: *Held*, that the presumption was that the inquest was composed of those summoned.

3. An objection that the inquest who sat were not those summoned, should be made before the inquest at the hearing; it was too late to make the objection on certiorari.

February 26th 1874. Before AGNEW, C. J., WILLIAMS, MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia :* No. 159, to January Term 1873.

These were proceedings under the Landlord and Tenant Act of March 21st 1772, 1 Smith's L. 373, 2 Br. Purd. 879, pl. 17, &c., by Nelson Gavit against Mary Hall.

The complaint was as follows :—

" To David Beitler and Robert R. Smith, two of the aldermen in and for the city of Philadelphia, the complaint of Nelson Gavit by A. F. Blair, Agent, most respectfully sets forth :—

"That he is owner of a certain tenement with the appertenances, situate No. 1419 Race street, in the city of Philadelphia, and was in possession thereof August 1st 1871, when he demised the said premises to a certain Mary Hall for the full term of one year from August 1st 1871, at rent of $41.67 per month, which said term is fully ended.

" The said Nelson Gavit being desirous upon the determination of the said term to have again and repossess his said estate, for that purpose he did on the 16th day of April 1872, last past, demand and require the said Mary Hall to remove from and leave the same, and that the said Mary Hall hath hitherto refused and still doth refuse to comply therewith; that three months having elapsed since the service of the said notice he makes this complaint, that such proceedings may be taken by you as are directed by the Act of Assembly in such case made and provided.

NELSON GAVIT,<br>Per A. F. BLAIR, Agent.

" Sworn before us, this 6th day of August, A. D. 1872.

[SEAL]     DAVID BEITLER, Alderman.
[SEAL]     ROBERT R. SMITH, Alderman."

A warrant was issued to the sheriff by the alderman, tested the 12th of August 1872 : it recited the complaint and commanded him to summon "twelve substantial freeholders," to be at a place

named in the warrant, and also to summon the said Mary Hall to appear before the alderman and the freeholders, &c., to show cause why possession of the demised premises should not be delivered to the complainant.

The sheriff returned:—

"In obedience to the within writ I have summoned twelve substantial freeholders of my bailiwick to be and appear at the time and place within named, and I have also summoned the defendant, Mary Hall, by giving a true copy of the within writ to her."

The inquisition was:—

"Inquisition taken at, &c., * * * before David Beitler, Esq., and Robert R. Smith, Esq., two of our aldermen in and for the city of Philadelphia, by the oaths of William Vogdes (and eleven others, naming them), twelve substantial freeholders of the said city, who, &c., say that Nelson Gavit was on the first day of August, in the year one thousand eight hundred and seventy-one, quietly and peaceably possessed of a certain tenement, &c. (as in the complaint), and did demise the said premises to a certain Mary Hall for the term of one year from August 1st 1871, then next ensuing, at the monthly rent of $41.67 per month, and that the said Mary Hall by virtue of the said demise entered, &c., and that the said term for which the said premises were demised is fully ended; and the said Nelson Gavit, &c., did on the sixteenth day of April 1872, demand of and require the said Mary Hall to remove from and leave the same at the expiration of her said term, and that the said Mary Hall has hitherto refused and still does refuse to comply with the said demand and requisition to remove from and leave the said premises, and the said freeholders do assess damages against the said Mary Hall for the unjust detention of the said demised premises, at one hundred dollars besides all costs of suit. Whereupon it is considered by the said aldermen that restitution of the said demised premises be made to the said Nelson Gavit, and that he recover of the said Mary Hall one hundred dollars damages aforesaid, together with the costs of suit, amounting to forty-five dollars."

The record set out the complaint, the warrant, September 12th 1872, to the sheriff, and that by virtue of the warrant the sheriff returned that he had summoned twelve substantial freeholders (named in the record and being the same as in the inquisition) and Mary Hall, "and the said freeholders being called appear and are severally sworn or affirmed, and the said defendant, Mary Hall, also appears; Nelson Gavit, plaintiff, sworn; lease dated August 1st 1870 produced, offered in evidence by plaintiff; lease objected to by defendant. A. F. Blair, sworn, plaintiff; lease admitted in evidence; Quentin Todd, sworn, plaintiff; notice dated April 16th 1872 produced, offered in evidence by plaintiff and admitted; A.

[Gavit v. Hall.]

F. Blair recalled plaintiff; we, the said aldermen and the aforesaid freeholders, after proceeding to hear and examine the proofs and allegations offered by the said parties, do find that the said Nelson Gavit, on the first day of August 1871, was quietly and peaceably possessed of a certain tenement and appertenances situate," &c., (as in the complaint and inquisition), "and that the said Mary Hall has hitherto refused and still does refuse to comply with the said demand and requisition to remove from and leave the said premises. And the said freeholders assess the sum of one hundred dollars for the damages of the said Nelson Gavit, occasioned by the unjust detention of the said premises. Therefore it is considered and adjudged by us, the said aldermen, that the said Nelson Gavit shall and do recover and have of the said Mary Hall as well the said sum of one hundred dollars for his damages aforesaid, as forty-five dollars for his reasonable costs, by him expended in and about this suit in this behalf, concerning which the premises aforesaid we do make this our record."

The defendants removed the proceedings before the aldermen and inquest into the Court of Common Pleas by certiorari, August 23d 1872.

The exceptions were :—

1. The complaint was not made on due proof, not having been sworn to either by Gavit or Blair his agent.

2. There is a variance between the sheriff's return and the record of the aldermen. The sheriff's return states that he summoned twelve freeholders, but does not name them. The aldermen's record sets forth "that the sheriff had returned that by virtue of the warrant to him directed he had summoned twelve substantial freeholders, to wit" (naming them).

3. The jurors do not aver in their inquisition that they were selected by the sheriff.

4. The inquisition of the justices and freeholders does not aver that the parties were heard or neglected to appear, nor does it state how they became possessed of the alleged facts therein stated.

5. There is a variance between the warrant to the sheriff and the record of the aldermen—the warrant being tested the 12th day of August 1872, and the aldermen's record stating that it was tested the 12th day of September 1872.

6. There is a variance between the whole record and the evidence as set forth in the aldermen's record ; the evidence shows the lease to be dated August 1st 1870, while the complaint, inquisition, warrant and record set forth that the landlord was in possession of the premises August 1st 1871, and on that day demised them to the tenant.

7. The aldermen and the freeholders had no jurisdiction of the

[Gavit *v.* Hall.]

case under the Act of 21st March 1772, the same having been repealed by the Act of 14th December 1863.

The Court of Common Pleas reversed the judgment of the aldermen.

The plaintiff removed the record ·to the Supreme Court, and assigned the reversal of the judgment for error.

*J. G. Johnson,* for plaintiff in error.

*W. C. Hannis,* for defendant in error.

The opinion of the court was delivered, May 11th 1874, by

MERCUR, J.—This was a proceeding before two aldermen, to dispossess a tenant after the expiration of her term. The inquest found all the facts made necessary by the Act of Assembly to require the possession of the demised premises to be given to the plaintiff. The record made by the aldermen is in accordance with the finding and correct in form. Upon certiorari and exceptions filed, the Common Pleas reversed the judgment, but filed no opinion.

On the argument, two grounds were urged against the judgment of the aldermen, to wit: First, The insufficiency of the affidavit to the complaint; Secondly, The insufficiency of the sheriff's return relating to summoning the jurors.

1. No objection is made that the complaint is not full and explicit, nor that it does not contain every fact required to be therein set forth. It is claimed, however, that it is not shown with sufficient certainty by whom the affidavit was made. There is no room to doubt that the affidavit was made by the person who signed the complaint. It is clearly manifest that it was signed by Blair as agent for Gavit. I see not how that fact could have been averred in more unequivocal language. The conclusion necessarily follows that Blair made the required proof.

The two aldermen adjudged the proof sufficient, and issued their warrant to the sheriff. We see no error in this: Cunningham *v.* Gardiner, 4 W. & S. 120.

2. The sheriff made return to the writ, *inter alia,* that he had summoned twelve substantial freeholders of his bailiwick. It is true, he omitted to state their names in his written return; but the inquisition taken very soon thereafter, does give the name of each juror. No objection was then, or thereafter, made that they were not the identical freeholders summoned by the sheriff. The presumption is that they were. If the defendant was not satisfied of that fact, she should then have challenged the array, or have made some objection before the jury was sworn. By going to trial without objection, it was afterwards too late to interpose a hypothetical assumption to set aside the finding of the jury and

[Gavit *v.* Hall.]

aldermen: McDermott *v.* Hoffman, 20 P. F. Smith 31. The maxim, "*omnia præsumuntur rite esse acta,*" applies with full force to these official acts.

We discover no fatal error in the judgment of the aldermen, and the judgment of the Common Pleas must be reversed.

Judgment reversed, and judgment in favor of the plaintiff.