## GAVIT v. HALL.

In a proceeding by a landlord to recover possession, the affidavit to the complaint was signed "A per B, Agent." *Held*, to be the affidavit of B, and sufficient proof.

The sheriff's return of jurors summoned did not name them, but the aldermen's record did. *Held* the variance immaterial in the absence of objection or challenge at the time, as they must be presumed to be the same persons.

**Certiorari to the common pleas of Philadelphia.**

This was an action brought under the act of assembly of March 21, 1772, to recover possession of premises No. 1419 Race street, in the city of Philadelphia. The proceedings before Aldermen Beitler and Smith, and jury of inquest, were certioraried to the court of common pleas A number of exceptions were filed. The only ones pressed at the argument, however, were:

"1. The complaint was not made on due proof It is neither sworn to by Gavit nor by Blair. The affidavit to the complaint is signed 'Nelson Gavit, per A. F. Blair, Agent.' This is the affidavit of neither of them, nor could either of them be indicted for perjury on it "

"2d. There is a variance between the sheriff's return and the record of the aldermen. The sheriff's return states that he summoned twelve freeholders but does not name them. The aldermen's record sets forth 'that the sheriff had returned that by virtue of the warrant to him directed

he had summoned twelve substantial freeholders, to wit,' (naming them). It is material that the record show that the sheriff had selected the jurors, and his return is the only evidence of that. How can the court ascertain from this record that these were the jurors selected by the sheriff."

The court of common pleas sustained the exceptions generally and reversed the judgment of the justices. No opinion was filed. Nelson Gavit, the complainant, sued out a writ of certiorari.

Opinion delivered May 11, 1874, by

MERCUR, J. This was a proceeding before two aldermen to dispossess a tenant after the expiration of her term. The inquest found all the facts made necessary by the act of assembly to require the possession of the demised premises to be given to the plaintiff. The record made by the aldermen is in accordance with the finding, and correct in form. Upon certiorari and exceptions filed, the common pleas reversed the judgment, but filed no opinion.

On the argument, two grounds were urged against the judgment of the aldermen, to wit : First, the insufficiency of the affidavit to the complaint. Secondly, the insufficiency of the sheriff's return, relating to summoning the jurors

1. No objection is made that the complaint is not full and explicit, nor that it does not contain every fact required to be therein set forth It is claimed, however, that it is not shown with sufficient certainty by whom the affidavit was made. There is no room to doubt that the affidavit was made by the person who signed the complaint. It is clearly manifest that it was signed by Blair, as agent for Gavit. I see not how that fact could have been averred in more unequivocal language. The conclusion necessarily follows that Blair, made the required proof.

The two aldermen adjudged the proof sufficient, and issued their warrant to the sheriff. We see no error in this : Cunningham *v.* Gardiner, 4 Watts & Serg. 120.

2. The sheriff made return to the writ, *inter alia*, that he had summoned twelve substantial freeholders of his bailiwick. It is true, he omitted to state their names in his written return, but the inquisition taken very soon thereafter does give the name of each juror. No objection was then or thereafter made, that they were not the identical freeholders summoned by the sheriff. The presumption is that they were. If the defendant was not satisfied of that fact, she should then have challenged the array, or have made some objection before the jury was sworn. By going to trial without objection, it was afterwards too late to interpose a hypothetical assumption to set aside the finding of the jury and aldermen : McDermott *v.* Hoffman, 20 P. F. Smith, 31. The maxim *"omnia presumuntur rite esse acta,"* applies with full force to these official acts.

We discover no fatal error in the judgment of the aldermen, and the judgment of the common pleas must be reversed.

Judgment reversed and judgment in favor of the plaintiff.